IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                            CRIMINAL ACTION NO. 2:05-00249

**CLIFFORD STARCHER**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant's motion to modify sentence, filed on March 24, 2009, pursuant to 18 U.S.C. § 3582(c)(2). The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . .

[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The September 14, 2006, Judgment reveals defendant was sentenced, <u>inter alia</u>, to a six-year term of imprisonment. The Presentence Report, adopted by the court, reflects that defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b).[1]  Although the defendant's guideline range was

---

[1] Paragraph 20 of the presentence report ("PSR") provides as follows:

> The total amount of relevant conduct for the offense of conviction is 5,171.04 kilograms of marijuana. The base offense level for this offense is 34, in accordance with U.S.S.G. § 2D1.1(c)(3).

PSR ¶ 20. The defendant was given a three-level reduction for acceptance of responsibility resulting in a total offense level of 31. Paragraph 27 of the PSR then provides as follows:

> Pursuant to U.S.S.G. § 4B1.1(a), the defendant is a career offender if he was at least 18 years old at the time he committed the instant offense, the offense of conviction is a felony that is a controlled substance offense and the defendant has two prior violent felonies and one prior controlled substance felony. The defendant was convicted of Malicious Assault and Possession With Intent to Distribute cocaine, case number 97F-258, in Kanawha County Circuit Court on September 19, 1997. He was convicted of Wanton Endangerment With a Firearm, case number 00F-340, in Kanawha County Circuit Court on February 27, 2001. Pursuant to U.S.S.G. § 4B1.1(b)(B), the defendant's base offense level is 34, which is the same base offense level otherwise applicable. Because the defendant qualifies for a three level downward adjustment for acceptance of responsibility his offense level is 31.

(<u>Id.</u> ¶ 20).

(continued...)

188 to 235 months, he received a sentence reduction pursuant to the motion for substantial assistance filed by the government.

Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended version of U.S.S.G. § 2D1.1, and inasmuch further as the court neither relied on the crack guidelines in calculating the substantial assistance reduction nor departed "to" a guideline range, he is not entitled to relief under the retroactive amendment that modified that guideline section. See United States v. Munn, 595 F.3d 183, 192 (4th Cir. 2010).

Moreover, the court, upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and recognizing that the defendant's sentence of imprisonment was reduced sharply to six years, being only one year above the statutory minimum, exercises its discretion to deny further relief to the defendant. See United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004).

---

[1](...continued)
Assuming defendant received a two-level reduction pursuant to the retroactive amendment, resulting in a base offense level of 32 if calculated under the revised section 2D1.1, the operation of section 4B1.1 would yet result in his base offense level then returning to 34. See U.S.S.G. § 4B1.1 (2001) ("If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").

The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

ENTER: March 17, 2010

John T. Copenhaver, Jr.
United States District Judge